UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION—FLINT

IN THE MATTER OF:
JACOB AND HOLLIE HEIKKINEN,  Chapter 7
                              Case No. 15-30653-dof
      Debtors,    Honorable Daniel S. Opperman
_____/
DENNIS STIMA,

      Plaintiff,

                                  **Adv. Proc. Case No. 15-03144-dof**
v.                                    **Honorable Daniel S. Opperman**

JACOD AND HOLLIE HEIKKINEN,

      Defendants.
_____/

## OPINION AWARDING DEFENDANTS ATTORNEY'S FEES ARISING FROM PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

On May 12, 2006, the Court entered an Order granting Plaintiff's Motion for Leave to File Amended Complaint Objecting to Discharge and to Determine Dischargeability of Indebtedness. Per that Order, Plaintiff was allowed to file an amended complaint "conditioned upon consideration at a later date by the Court as to Defendants' expenses incurred" in responding to Plaintiff's Motion for Leave. The Court further stated that after reviewing Defendants' statement of costs and fees, and Plaintiff's response to same, the Court would issue a written order determining the amount, if any, of the stated costs and fees it would award Defendants. The Court has reviewed the relevant pleadings and exhibits and makes the following findings and determinations.

**The Underlying Bankruptcy**

Defendants are debtors in Case No. 15-30653, the bankruptcy underlying this adversary proceeding. Defendants commenced their bankruptcy on March 18, 2015, and the Defendants'

1

Creditors Meeting was scheduled for April 27, 2015. Plaintiff's counsel attended the Creditors Meeting, interrogating Defendants and then requesting Defendants voluntarily produce certain discoverable information. The request was in furtherance of Plaintiff's efforts to assess Defendants' financial situation to determine whether an adversary proceeding was appropriate.

The original deadline for filing an adversary proceeding objecting to dischargeability was June 26, 2015. On that day, Plaintiff asked the Court to extend the deadline. According to Plaintiff, further discovery was necessary to determine the propriety of an adversary complaint. The Court granted Plaintiff's request, extending the deadline for filing an adversary complaint objecting to dischargeability to September 30, 2015.

**The Adversary Proceeding**

Plaintiff filed his original adversary complaint on September 30, 2105, the last possible day to do so. In response to Plaintiff's adversary complaint, Defendants filed a motion to dismiss. On November 13, 2015, Plaintiff requested additional time to respond to Defendants' motion, and received same. Seven days later, Plaintiff responded to Defendants' motion to dismiss. The Court held a hearing on that motion on January 6, 2016. At that hearing, Plaintiff raised for the first time the possibility of amending his complaint. Plaintiff did not amend as of right before Defendants filed their motion to dismiss and as of the January 6th hearing, Plaintiff had not filed a written motion seeking leave to amend his complaint.

The Court entered an Order dismissing some of the counts in Plaintiff's original complaint on March 10, 2016. Thereafter, on March 31, 2016, Plaintiff filed his first written request for leave to amend his complaint. Following Defendants' response to same, the Court held a hearing on Plaintiff's request for leave to amend. The Court granted that request subject

to the conditions described in the first paragraph of this Order. Per those conditions, the Court awards attorney's fees to Defendants as discussed below.

**The Award of Attorneys' Fees**

A federal court has the inherent power to assess attorney's fees when a litigant abuses the judicial process. *Chambers v. Nasco, Inc.* 501 U.S. 32, 43 (1991). This is one of certain implied powers vested in federal courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 43. Here, Plaintiff abused process and interfered with the Court's ability to manage its own affairs and expeditiously dispose of this case.

Plaintiff failed to properly plead his original counts, despite the Court allowing generous pre-suit discovery. Additionally, Plaintiff did not amend his complaint as of right and did not seek leave to amend his complaint until the day of a hearing at which it became apparent his original complaint was deficient. Even then, Plaintiff raised amendment only orally at the hearing. Plaintiff did not file a motion for leave to amend until after the Court dismissed some counts in his complaint, despite receiving extra time to respond to Defendants' motion to dismiss.

Plaintiff could and should have included a request for leave to amend in his response to Defendants' motion to dismiss. If Plaintiff had done that, the amendment would have been briefed and argued at the hearing on Defendants' motion to dismiss. Instead, Plaintiff waited until after that hearing to move in writing, delaying the matter and creating the need for an additional hearing.

Because of Plaintiff's conduct, this case is behind schedule and will remain on the Court's docket longer than necessary. Additionally, Plaintiff's actions led to a hearing that was not necessary, to deal with matters that should have been addressed in prior proceedings before

the Court. Accordingly, the Court exercises its inherent power to assess attorney's fees against Plaintiff for Plaintiff's failure to properly manage this case. *See Chambers,* 501 U.S. at 43.

The Court does not, however, award all the costs and fees Defendants request. Instead, the Court will only award fees and costs incurred directly as a result of Plaintiff's mismanagement of this case. *See Checker Motors Corp. v. Checker Acquisition Corp, et al.*, 463 B.R. 858 (Bankr.W. D.Mich. 2012). Had Plaintiff managed this matter correctly, he would have filed a written request for leave to amend earlier and Defendants' counsel almost certainly would have faced the same research and drafting requirement and attended a hearing on that issue. The only extra work Defendants' counsel endured due to Plaintiff's mismanagement of this case involved scheduling and attending a second and unnecessary hearing to address the issue.

Accordingly, the Court Orders Plaintiff to pay to Defendants the total of $325.00 in costs and fees resulting from Plaintiff's failure to properly plead his original counts. This amount includes $32.50 in attorney's fees arising from Defendants' counsel's review of the notice of hearing for the second, unnecessary hearing. It also includes $292.50 in attorney's fees arising from Defendants' counsel's preparation for and attendance at the second, unnecessary hearing. Plaintiff must make this payment within 30 days of the date of this Order. If Plaintiff fails to timely make this payment, upon affidavit to such effect filed by Defendants' counsel, the Court will dismiss with prejudice Plaintiff's Amended Complaint and close this case.

The Court directs Plaintiff to prepare and submit an Order consistent with this Opinion.

**Not for publication**

.

```
Signed on August 05, 2016
```

```
                                    /s/ Daniel S. Opperman
                              Daniel S. Opperman
                              United States Bankruptcy Judge
```